IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY MUSTAFAH CHISLEY,<br>          Plaintiff, | * |
| | * |
| v. | CIVIL ACTION NO.  DKC-08-2165 |
| | * |
| JOHN ROWLEY, et al.,<br>          Defendants. | * |

******

## **MEMORANDUM**

On August 19, 2008, the court received Plaintiff Anthony Mustafah Chisley's civil rights complaint seeking injunctive relief and compensatory damages filed pursuant to 42 U.S.C. § 1983. Chisley alleged that prison officials placed him on the "special management meal" in violation of his medically prescribed diet and noted food allergies. Paper No. 1.

Defendants filed a Motion for Summary Judgment, arguing that the Complaint should be dismissed due to Chisley's failure to exhaust administrative remedies and substantively addressing Plaintiff's complaint regarding placement on the special management meal, also known as "food loaf." Paper No. 17. Plaintiff has filed an opposition. Paper No. 19.  No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008).  For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be denied.

### Background

Chisley alleges that on July 18, 2008, he was placed on food loaf for fifteen days, received his regular meals for seven days, and then was placed back on food loaf for an additional fifteen days. Plaintiff states that being placed on food loaf endangered his health in that it violated his medical order for a 2400 calorie diet and because he is allergic to tomatoes and milk, which are ingredients in the food loaf.  Plaintiff claims that assignment to food loaf caused him not to eat, which further

endangered his health because he takes medicine daily for medical and psychological conditions. He states he needed to eat in order to take his medication and have his medication function properly. Paper No. 1.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses

2

from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

**1.    Exhaustion**

The court must first examine Defendants' assertion that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff

did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The facts regarding Plaintiff's efforts to exhaust his administrative remedies are in dispute. Defendants maintain that Plaintiff never initiated the administrative remedy process regarding the assault. To the contrary, Plaintiff has provided as exhibits several informal inmate complaints concerning the assault, some on Division of Correction forms and others written on plain paper and directed to the Warden, Chief of Security, and Medical Director. Paper No. 19, Exs., 37-41, 48-51. Plaintiff states that he never received any response to these efforts to pursue administrative remedies and further states that in the past he has been prevented from accessing the administrative remedy process. Paper Nos. 1 and 19. Given the record, the court cannot say that Plaintiff failed to exhaust his "available" remedies or that Defendants did not frustrate his efforts at exhausting same. *See*

4

*Taylor v. Barnett*, 105 F.Supp.2d 483, 486 (E.D. Va. 2000).

**2.     Eighth Amendment**

Plaintiff must confront Defendants' summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.[1]  This he has done.  There are genuine disputes of material fact concerning Plaintiff's assignment to food loaf.  Defendants maintain that Plaintiff received food loaf only for three days, while Plaintiff maintains he received food loaf for over thirty days.

The parties also dispute whether Plaintiff suffered from known food allergies which would have prevented him from eating the food loaf.  Defendants maintain that there is no evidence that Plaintiff suffered from documented food allergies.  Plaintiff, however, has provided a copy of his

---

[1] The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *DeLonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), citing *Wilson v. Seiter,* 501 U.S.294, 297 (1991).  To state an Eighth Amendment claim for denial of medical care, plaintiff must demonstrate that the actions of defendants (or their failure to act) amounted to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See  Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care).   Proof of an objectively serious medical condition, however, does not end the inquiry.  The second component of proof requires "subjective recklessness" in the face of the serious medical condition.  *Farmer*, 511 U.S. at 839– 40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."  *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997).  "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted."  *Farmer*, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

medical chart from March, 2008 indicating allergies to tomatoes, milk, and penicillin. Paper No. 21, Ex. 57. Plaintiff avers that food loaf is made with tomatoes and milk and that eating the food loaf would have greatly impaired his health; thus, he was forced to refrain from eating while assigned the food loaf, causing him pain, worsening of his mental health, and weight loss. *Id*.

Additionally, Defendants maintain that Plaintiff was not prescribed a 2400 calorie diet. Plaintiff avers that he was assigned the diet prior to his transfer to NBCI in March, 2008. He has provided numerous documents from correctional employees indicating that they were aware he was assigned the diet prior to the events complained of. Paper No. 21, Ex. 10, 11A, 12A, and 13A. Plaintiff has also provided a copy of his medical record, prescribing a 2400 calorie diet.2 *Id*., Ex. 8. The court cannot say on the abbreviated record presented, whether a high calorie diet had been prescribed prior to Plaintiff's transfer to NBCI.

Defendants conclude that Plaintiff has failed to demonstrate any injury, but have provided no affidavits from medical or psychological care providers supporting that conclusion. To the contrary, Plaintiff avers he lost weight as a result of being placed on food loaf and that his psychological conditions worsened. The medical records indicate that Plaintiff did in fact lose weight from June to August, 2008, and that during this period of time he was placed on suicide watch and continued under the care of the psychological department. Paper Nos. 17 and 19. Questions remain as to whether his assignment to food loaf precipitated or exacerbated his mental health problems and whether the loss of weight was sufficient to be injurious to Plaintiff's overall health.

Further, if Plaintiff was placed on food loaf in the manner prescribed, qualified immunity

---

2 The prescription was written after the incident complained of.

would not apply.    Accordingly, summary judgment cannot be granted at this time.   All pending motions shall be denied without prejudice. Counsel shall be appointed for Plaintiff. A separate order follows.


   __8/6/2009__                                 _____/s/_____
Date                                                           DEBORAH K. CHASANOW
                                                                United States District Judge